**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1154-23

GOLJAC, LLC,

    Plaintiff-Appellant,

v.

EMERALD BAY DEVELOPERS,
LLC, CRAIG ROPER, DYKES
LUMBER COMPANY, INC.,
REYNAERS, INC. and
MELMOUSE, LLC,

    Defendants-Respondents.

_____

Argued March 6, 2024 – Decided March 19, 2024

Before Judges Accurso and Vernoia.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1353-20.

Bernadette Hamilton Condon argued the cause for appellant (Lum, Drasco & Positan, LLC, attorneys; Paul A. Sandars, III, of counsel and on the brief; Bernadette Hamilton Condon, on the brief).

Respondents have not filed briefs.

PER CURIAM

By leave granted, plaintiff Goljac, LLC appeals from orders denying its motion for leave to file a third-amended complaint adding as defendants J. Cullen Alterations (J. Cullen), Titan Construction Management Services, Inc. (Titan) and Titan Building Co. (Titan Building).[1]  Based on our review of the record, and having concluded the court abused its discretion by denying the motion, we reverse.

This matter arises out of a dispute concerning the construction of a multi-million-dollar home (the project) in Sagaponak, New York.  Plaintiff owns the property.

According to plaintiff's counsel's certification supporting the motion for leave to file a third-amended complaint, in 2018, Dykes Lumber Company, Inc. (Dykes Lumber) filed an action against Emerald Bay Developers, LLC (Emerald Bay) and Craig Roper (Roper) for sums due for materials supplied for the

---

[1]  Plaintiff appeals from a November 3, 2023 order denying its motion for leave to file a third-amended complaint adding J. Cullen as a defendant and a November 14, 2023 order denying its motion for leave to file a third-amended complaint adding Titan and Titan Building as defendants.  Entry of the orders followed plaintiff's filing of a single motion for leave to file a third-amended complaint adding all three entities as defendants.  The court filed a single written opinion dated November 3, 2023, supporting its denial of plaintiff's motion but entered separate orders denying the requested relief.

A-1154-23

construction of the project.[2]  In that matter, Emerald Bay and Roper filed a third-party complaint against plaintiff and Steven Dorsky (Dorsky).

In 2020, plaintiff and Dorsky separately filed this action against Emerald Bay and Roper, asserting "claims for construction defects and delay."  The initial complaint, and the subsequent first- and second-amended complaints, are not included in the record on appeal.   The court later consolidated this matter for discovery purposes with the prior action filed by Dykes Lumber.

In support of the motion for leave to file the third-amended complaint, plaintiff's counsel represented that documents produced by Emerald Bay in discovery included a construction supervision agreement between Emerald Bay and J. Cullen and a framing contract between Emerald Bay and Titan and Titan Building.  According to plaintiff's counsel, Emerald Bay had construction management responsibilities at the project and had "subcontracted its construction management responsibilities to" J. Cullen.

Plaintiff obtained a December 8, 2022 expert report concerning construction management at the project that identified J. Cullen, Titan, and Titan Building as "parties" on the project and explained J. Cullen's responsibilities on

---

[2]  The matter is captioned as Dykes Lumber Company, Inc. v. Emerald Bay Developers, LLC and Craig Roper, under Docket No. HUD-L-2129-19.

the project. The report further concluded "the Construction Manager did not meet industry standards of care" on numerous aspects of the construction management on the project.

In plaintiff's counsel's certification, he noted that Emerald Bay had submitted an expert report in discovery, explaining Emerald Bay had engaged J. Cullen as "a construction project supervisor" to "provide full-time onsite construction project supervision."

Plaintiff's counsel further explained that Emerald Bay had subcontracted with Titan and Titan Building to perform framing work on the project. Additionally, plaintiff's expert's report explained the project suffered from "extensive framing defects."

Plaintiff's counsel asserted the addition of J. Cullen, Titan, and Titan Building as defendants in the proposed amended-third-party complaint was required because plaintiff had determined their work on the project was defective and contributed to plaintiff's alleged damages. Plaintiff's counsel also represented that plaintiff had expected Emerald Bay would implead J. Cullen, Titan, and Titan Building after their work was described as defective in plaintiff's expert's report because those proposed defendants had been Emerald Bay's subcontractors.

A-1154-23

Counsel further explained the addition of J. Cullen, Titan, and Titan Building as defendants in plaintiff's complaint was discussed at an October 11, 2023 conference with the court, and the case management order entered that day authorized plaintiff to move for leave to amend its complaint to add them as defendants. Counsel also represented that an order granting plaintiff leave to file the third-amended complaint would not prejudice any of the other parties because "fact discovery [was] still open[,]" "fact depositions [were] not completed and expert depositions [had] not yet occurred." Counsel asserted plaintiff "would be prejudiced if it were not allowed to recover any of its provable damages from any parties," including J. Cullen, Titan, and Titan Building, "responsible for causing its damages."

None of the other parties in the consolidated matters filed opposition to plaintiff's motion. Thus, none claimed they would be prejudiced by plaintiff's proposed amendment adding J. Cullen, Titan, and Titan Building as parties. Similarly, none of the other parties oppose plaintiff's appeal from the court's orders denying its request to file the proposed third-amended complaint.

In the court's written opinion, it found that "in all likelihood" the document that provided impetus for plaintiff's expert's report identifying J. Cullen's, Titan's, and Titan Building's role in the construction of the project had

5

been supplied in discovery "many months ago," and that prior to plaintiff's expert's report, no other expert in the case had implicated J. Cullen in the project. The court also found that "in all likelihood," the construction supervision agreement between Emerald Bay and J. Cullen "had . . . been produced in discovery . . . well before" the court had entered a June 9, 2023 case management order, which "limited expert reports to certain topics."

The court explained no trial date in the matters had been set and "Administration for the Hudson County Court System ha[d] determined that no such trial will be scheduled in the foreseeable future." The court further noted the consolidated cases involve "a complicated construction dispute amongst many, many parties," deadlines had been set for the completion of certain fact witnesses and experts, and "battling" expert reports had been exchanged. The court reasoned that joining additional defendants "would severely delay the potential for this case to be reached for trial in [the] foreseeable future."

The court concluded plaintiff had waited too long to request to join the putative defendants and that granting the requested relief "would unduly protract [the] litigation and cause undue prejudice to all of the other parties who, undoubtedly, will be compelled to again produce various witnesses and participate in depositions, which" counsel for the putative defendants would

"insist be completed." The court therefore denied plaintiff's motion and entered the memorializing orders from which this appeal is taken.

Rule 4:9-1 provides in part that motions for leave to amend a pleading "shall be freely given in the interest of justice." We have explained that under the Rule, "motions for leave to amend a complaint must 'be granted liberally,' but the decision is left to the trial 'court's sound discretion.'" C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 306 (2023) (quoting Kernan v. One Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 436-57 (1998)). In exercising that discretion, a court must engage in a two-step process; the court must determine "whether the non-moving part[ies] [would] be prejudiced, and whether granting the amendment would . . . be futile." Ibid. (second alteration in original) (quoting Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006)).

Here, there is no claim the proposed addition of the putative defendants would be futile, and the court did not deny plaintiff's motion on that basis. See, e.g., Bustamante v. Borough of Paramus, 413 N.J. Super. 276, 298 (App. Div. 2010) (affirming the denial of a motion to amend a complaint, finding the proposed amended claim was futile because it was barred under the statute of limitations). In fact, plaintiff's counsel's certification supporting the motion established that the proposed third-party complaint asserted viable and

7

significant claims against J. Cullen, Titan, and Titan Building, explaining the proposed defendants played important roles in the construction of the project and, according to plaintiff's expert, their alleged deficient performance of their responsibilities contributed to plaintiff's damages.

The court primarily denied plaintiff's motion based on its conclusion the other parties to the case would suffer prejudice—by having to engage in additional and possibly duplicative discovery—if the proposed amendment was granted. We reject the court's reliance on that finding because none of the numerous other parties opposed plaintiff's motion or claimed the motion should be denied because they would suffer prejudice. Thus, the court's determination plaintiff's motion should be denied based on its finding the other parties would suffer prejudice is without support in the record. See Rova Farms Resort, Inc. v. Inv's. Ins. Co. of Am., 65 N.J. 474, 484 (1974) (finding appellate courts are only constrained by a trial court's factual findings when those findings are supported by substantial credible evidence in the record).

The court also cited the lateness of plaintiff's motion and the delay it might cause to the progress of the litigation. In that regard, the court reasoned that adding J. Cullen, Titan, and Titan Building as parties would delay the matter from proceeding to trial in the foreseeable future. That finding, however, is

8

contradicted by the court's express acknowledgement that it had been advised by judicial administration that "no such trial would be scheduled in the foreseeable future." Indeed, when the court denied the motion, fact discovery had not been completed and no trial date had been set. In any event, the court's candid acknowledgement the case would not be scheduled in the foreseeable future undermines its determination that the proposed amendments to plaintiff's complaint should be denied because it would delay a trial.

As the court recognized, this matter is a complicated construction dispute involving many parties. We appreciate the court's frustration with what it viewed as plaintiff's delay in making its motion. We cannot, however, ignore that proposed amendments to pleadings asserting viable claims, such as the proposed amendments here, should be liberally granted in the interest of justice. R. 4:9-1. In our view, unsupported findings of prejudice to the other parties and a concern that granting the amendment will delay a trial the court acknowledges will not be scheduled in the foreseeable future are not grounds for denying an otherwise meritorious motion and is not in the interest of justice. See, e.g., Cavuoti v. N.J. Transit Corp., 161 N.J. 107, 134-35 (1999) (affirming the grant of a motion to amend a complaint to a claim on the eve of trial because the "defendant would not be prejudiced").

9

The motion court cited our decision in Murray v. Plainfield Rescue Squad, as support for its conclusion that plaintiff's late filing of its motion to amend alone warranted denial of the motion. 418 N.J. Super. 574 (App. Div. 2011), rev'd on other grounds, 210 N.J. 581 (2012). In Murray, however, we affirmed the trial court's denial of a motion to amend a complaint to add two individual defendants because the motion was filed "more than two years after the statute of limitations had expired." Id. at 591. We determined the putative defendants would therefore "be clearly prejudiced by an amendment joining them as individual defendants." Ibid. Our holding in Murray is inapplicable because there are no similar circumstances here. The record on appeal does not a permit a finding the statute of limitations has run on plaintiff's claims against the three proposed defendants.

An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). We conclude the court abused its discretion by relying on purported prejudice to the other parties that finds no support in the record and by determining that granting the application will delay a trial it acknowledged would not take place

10

in the foreseeable future. The court's reasoning lacked a rational basis in the record presented and therefore its orders denying plaintiff's motions constitute an abuse of discretion. Compare In re J.G., 463 N.J. Super. 263, 277 (App. Div. 2020) (explaining a trial court's factual findings should not be disturbed when those findings are supported by evidence in the record) with In re A.R., 234 N.J. 82, 104 (2018) (finding appellate courts should intervene in the interest of justice when a trial court's factual findings are not supported by sufficient credible evidence).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1154-23